Justice Sotomayor,
concurring in the judgment.
Under our precedents, the primary purpose of the exclusionary rule is “to deter future Fourth Amendment violations.” Ante, at 236-287; see, e. g., Herring v. United States, 555 U. S. 135, 141 (2009); Illinois v. Krull, 480 U. S. 340, 347-348 (1987). Accordingly, we have held, application of the exclusionary rule is unwarranted when it “ ‘does not result in appreciable deterrence.’ ” Arizona v. Evans, 514 U. S. 1, 11 (1995) (quoting United States v. Janis, 428 U. S. 433, 454 (1976)). In the circumstances of this case, where “binding appellate precedent specifically authorize,[d] a particular police practice,” ante, at 241 — in accord with the holdings of nearly every other court in the country — application of the exclusionary rule cannot reasonably be expected to yield appreciable deterrence. I am thus compelled to conclude that the exclusionary rule does not apply in this case and to agree with the Court’s disposition.
This case does not present the markedly different question whether the exclusionary rule applies when the law governing the constitutionality of a particular search is unsettled. As we previously recognized in deciding whether to apply a Fourth Amendment holding retroactively, when police decide to conduct a search or seizure in the. absence of case law (or other authority) specifically sanctioning such action, exclusion of the evidence obtained may deter Fourth Amendment violations:
“If, as the Government argues, all rulings resolving unsettled Fourth Amendment questions should be non-retroactive, then, in close cases, law enforcement officials would have little incentive to err on the side of constitutional behavior. Official awareness of the dubi *251 ous constitutionality of a practice would be counterbalanced by official certainty that, so long as the Fourth Amendment law in the area remained unsettled, evidence obtained through the questionable practice would be excluded only in the one. case definitively resolving the unsettled question.” United States v. Johnson, 457 U. S. 537, 561 (1982) (footnote omitted).
The Court of Appeals recognized as much in limiting its application of the good-faith exception it articulated in this case to situations where its “precedent on a given point [is] unequivocal.” 598 F. 3d 1259, 1266 (CA11 2010); see id., at 1266-1267 (“[W]e do not mean to encourage police to adopt a ‘ “let’s-wait-until-it’s-decided approach” ’ to ‘unsettled’ questions of Fourth Amendment law” (quoting Johnson, 457 U. S., at 561)). Whether exclusion would deter Fourth Amendment violations where appellate precedent does not specifically authorize a certain practice and, if so, whether the benefits of exclusion would outweigh its costs are questions unanswered by our previous decisions.
The dissent suggests that today’s decision essentially answers those questions, noting that an officer who conducts a search in the face of unsettled precedent “is no more culpable than an officer who follows erroneous ‘binding precedent.’ ” Post, at 258 (opinion of Breyer, J.). The Court does not address this issue. In my view, whether an officer’s conduct can be characterized as “culpable” is not itself dispositive. We have never refused to apply the exclusionary rule where its application would appreciably deter Fourth Amendment violations on the mere ground that the officer's conduct could be characterized as nonculpable. Rather, an officer’s culpability is relevant because it may inform the overarching inquiry whether exclusion would result in appreciable deterrence. See ante, at 238 (“The basic insight of the Leon line of cases is that the deterrence benefits of exclusion var[y] with the culpability of the law enforcement conduct at issue” (internal quotation marks omitted; alteration in original)); see *252 also, e. g., Herring, 555 U. S., at 143 (“The extent to which the exclusionary rule is justified by these deterrence principles varies with the culpability of the law enforcement conduct”); United States v. Leon, 468 U. S. 897, 919 (1984) (“Where the official action was pursued in complete good faith, . . . the deterrence rationale loses much of its force’ ” (quoting Michigan v. Tucker, 417 U. S. 433, 447 (1974))). Whatever we have said about culpability, the ultimate questions have always been, one, whether exclusion would result in appreciable deterrence and, two, whether the benefits of exclusion outweigh its costs. See, e. g., ante, at 236-237; Herring, 555 U. S., at 141; Krull, 480 U. S., at 347.
As stated, whether exclusion would result in appreciable deterrence in the circumstances of this case is a different question from whether exclusion would appreciably deter Fourth Amendment violations when the governing law is unsettled. The Court’s answer to the former question in this case thus does not resolve the latter one.